787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROSEMARY WILLOUGHBY, Plaintiff-Appellee,
v.
CHILDREN'S HOSPITAL, Defendant-Appellant.
 84-1721
 United States Court of Appeals, Sixth Circuit.
 3/26/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH, MARTIN, Circuit Judges, and WEBER*, District Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Children's Hospital of Michigan, appeals a jury verdict, from the United States District Court for the Eastern District of Michigan, Judge Guy presiding, finding it discriminated against Rosemary Willoughby on the basis of age[1] under the Michigan Elliott-Larsen Civil Rights Act for failure to promote Ms. Willoughby to the position of Associate Patient Care Coordinator (APCC). A jury awarded plaintiff One Hundred Thousand Dollars ($100,000). We affirm the jury's verdict for the reasons stated below.
 
 
 2
 The genesis of plaintiff's discrimination claims was a 1980 reorganization of the hospital's nursing department. Prior to the reorganization, plaintiff was the charge nurse on the midnight shift in the hospital's emergency room. When the reorganization was first implemented, the decision was made to rotate the charge nurse position among all the nurses on the midnight shift in that unit. Shortly afterwards, the position of APCC was added to the midnight shift of the emergency room. This position had already been established on most other shifts and units of the hospital as part of the reorganization and included duties performed by the charge nurse as well as additional responsibilities. Two nurses applied for this position: plaintiff, age 57, and Debra Fifield, age 26. Both applicants were interviewed and rated numerically by Nancy Shackleton, E.R. Nurse Manager, and Camille Worley, E.R. Patient Care Coordinator; Ms. Fifield received a higher rating and received the position. Consequently, this suit ensued.
 
 
 3
 Defendant-Appellant raises two grounds for review. First, the hospital argues that the district court erred in not granting its motion in limine to exclude testimony regarding Tina Bobowski, an APCC applicant for the afternoon shift. The hospital based its motion on relevance and on the prejudicial effect of the evidence.
 
 
 4
 The hospital argues that since Bobowski applied for and received the afternoon APCC position, such evidence was not relevant to Ms. Willoughby's comparative qualifications with Ms. Fifield for the night APCC position. Ms. Willoughby argued that the evidence concerning Bobowski was indicative of pretext: Ms. Bobowski was often tardy for work and was probably not as qualified as Ms. Willoughby for an APCC position, yet she, Ms. Bobowski, received such a position, whereas Ms. Willoughby did not.
 
 
 5
 The determination of whether evidence should be admitted is vested in the broad discretion of the trial court. Our standard of review is whether there has been an abuse of discretion. Consolidated Grain & Bagre Co. v. Marcona Conveyor, 716 F.2d 1077, 1083 (5th Cir. 1983). We find no abuse of discretion insofar as the evidence helped establish plaintiff's prima facie case under McDonnell Douglas v. Green, 411 U.S. 792 (1973); i.e. plaintiff was indeed qualified for the position. Moreover, under Fed. R. Evid. 401[2] evidence of Bobowski's qualifications could indicate pretext. Significantly, Ms. Bobowski like Ms. Fifield, was a younger woman in her late 20's at the time of her hiring. A jury could reasonably conclude from this evidence that the hospital was seeking out younger women for new positions to the detriment of older women.
 
 
 6
 The hospital's second contention is that the trial court erred in denying its motions for directed verdict and judgment n.o.v. The standard the trial court must apply in considering both motions is the same. O'Neill v. Kiledjian, 511 F.2d 511, 513 (6th Cir. 1975):
 
 
 7
 The issue raised by a motion for judgment n.o.v. is whether there is sufficient evidence to raise a question of fact for the jury. This determination is one of law to be made by the trial court in the first instance . . . [T]he trial court may neither weigh the evidence, pass on the credibility of witnesses or substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing . . . all reasonable inference in his favor.
 
 
 8
 Reviewing the record, we see no reason to second guess the jury, who had the benefit of evaluating live witnesses. The evidence indicates that Ms. Willoughby had over 30 years experience as a nurse, and had received generally above-average to excellent performance evaluations in various categories. By contrast, Ms. Fifield had only four years of experience as a nurse, although she also had above-average to excellent performance ratings. This Court in Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir. 1983) held that age must be a 'determining factor' to establish liability in age discrimination suits. The jury was within its bounds in deciding that age was a 'determining factor' in the hiring decision at issue. Buttressing this conclusion was evidence that Ms. Willoughby was rejected in part, for not being the proper 'Role Model'. Furthermore, Ms. Willoughby testified that she was told she was not promoted for being 'inflexible'; she inferred this meant the hospital wanted someone more 'bouncy' for the job. A jury could reasonably conclude plaintiff was not considered young enough to satisfy the hospital's conception of a role model for the job. Accordingly, we affirm the verdict below.
 
 
 
 *
 Honorable Herman J. Weber, District Judge, U.S. District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Plaintiff also sued under 42 U.S.C. 1981 on the basis of age and racial discrimination for an alleged demotion involving hospital reorganization, as well as racial discrimination for failure to promote. The jury rejected these claims, finding only age discrimination for failure to promote
 
 
 [2]
 FRE 401 states: 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence